UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Scott Frakes,<br><br>                            Plaintiff,<br>vs.<br><br>Messerli & Kramer P.A.,<br><br>                            Defendant. | **DEFENDANT'S CIVIL LOCAL RULE 16(c) PRETRIAL REPORT**<br><br>Court File No.: 19-cv-00637-LA |

## DEFENDANT'S SUMMARY OF THE CASE PURSUANT TO CIVIL LOCAL RULE 16(c)(A)

The facts of this case stem from Plaintiff Scott Frakes' default on a Credit One Bank, N.A. credit card with a charge-off balance of $611.93. (Compl. ¶ 39.) A state court summons and complaint was filed in Washington County on August 18, 2018 on behalf of LVNV against Frakes. (Compl. ¶ 8.) This federal lawsuit against Messerli & Kramer P.A. ("Messerli") and LVNV Funding LLC ("LVNV") was filed on May 1, 2019, alleging claims under the Wisconsin Consumer Act ("WCA") against LVNV only and Fair Debt Collection Practices Act ("FDCPA") against both Defendants. On June 14, 2019, Messerli filed an Answer to Plaintiff's Complaint denying the allegations therein and raising affirmative defenses including but not limited to Plaintiff's lack of standing due to a lack of concrete injury as well as lack of materiality of Plaintiff's 15 U.S.C. section 1692e claims. [ECF No. 15.] On September 3, 2019, LVNV and Frakes stipulated to arbitration and LVNV settled out of the case in February 2020. [ECF Nos. 24-25.] Frakes is barred under Seventh Circuit case law from a double recovery; he has already

1

recovered a settlement from LVNV Funding LLC for his claims in this case. *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 387 (7th Cir. 2018).

In his Complaint, Plaintiff claims that Messerli violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. section 1692e by falsely representing or implying that an attorney was meaningfully involved in the debt collection process when in fact there was no meaningful attorney involvement. While the Plaintiff's Complaint asserts that Messerli's process is not enough, Plaintiff does not identify the standard Messerli should meet—because (1) there is no universal standard and (2) what constitutes sufficient attorney involvement depends on the circumstances of each individual case. Notably, the "meaningful involvement" concept alleged by Plaintiff in his Complaint is not mentioned in the text of the FDCPA or any other federal statute.

Messerli's attorneys carefully design, supervise, oversee, manage and participate in every step of the collections process from initiation of the lawsuit to judgment and beyond. Messerli has produced relevant portions of its Cogent Attorney Training Guide which shows that its attorneys are expected to conduct a thorough review of each file prior to signing a summons and complaint. Messerli's corporate representative, Attorney Derrick Weber, testified that Messerli Attorney James Kachelski complied with the Messerli Cogent Attorney Training guide in his review and preparation of the state court complaint against Frakes. There is no indication in the Record that Messerli's attorneys violated standard due diligence expectations outlined in Federal Rules of Civil Procedure 11(b). Absent a universal standard for Plaintiff's meaningful involvement claim, and in light of a complete lack of testimony that would link Frakes' alleged injury to the conduct of any Messerli attorney, Plaintiff cannot sufficiently establish his FDCPA claims against Messerli.

2
615955

# DEFENDANT'S STATEMENT OF THE ISSUES PURSUANT TO CIVIL LOCAL RULE 16(c)(B)

Whether Messerli violated section 1692e of the FDCPA by its alleged failure to be "meaningfully involved" in the review and preparation of the underlying state court collections lawsuit against Frakes, where section 1692e does not mention the concept of "meaningful involvement" but merely prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and under section 1692e(3), a debt collector may not falsely represent or imply that any communication is "from an attorney"?

# DEFENDANT'S WITNESS LIST PURSUANT TO CIVIL LOCAL RULE 16(c)(C)

**I.  WITNESSES EXPECTED TO BE PRESENT AND CALLED AT TRIAL.**

1. Derrick N Weber, Esq.
   Messerli & Kramer, P.A.
   3033 Campus Drive, Suite 250
   Plymouth, MN 55441
   763-548-7900

2. James E. Kachelski, Esq.
   Messerli & Kramer, P.A.
   3033 Campus Drive, Suite 250
   Plymouth, MN 55441
   763-548-7900

3. Scott Frakes
   Plaintiff
   840 Weinert Road
   West Bend, WI 53095
   262-323-9368

**II.  WITNESSES WHO MAY BE CALLED AT TRIAL IF THE NEED ARISES.**

1. Messerli further reserves the right to call any individual identified in discovery with relevant knowledge about the matters in this case.

2. Messerli further may call any individual identified during discovery with relevant rebuttal testimony.

3. Messerli reserves the right to call any witness named by any other party in this action.

**DEFENDANT'S EXHIBIT LIST PURSUANT TO CIVIL LOCAL RULE 16(c)(E)**

**DOCUMENTS/EXHIBITS EXPECTED TO BE USED AT TRIAL.**

1. Relevant Policies and Procedures of Messerli & Kramer P.A. including relevant portions of the Cogent Attorney Training Guide and FDCPA and Professionalism Policy. (MK0001-0013.)

2. Relevant Account Notes and Claim Summary for Frakes' Account. (MK0014-0026)

3. Letter dated March 17, 2018, to Frakes from Messerli & Kramer P.A. explaining Messerli & Kramer P.A. represents LVNV Funding in the underlying state-court matter. (MK0057-0058.)

4. Bill of Sale and related documents showing LVNV Funding LLC is the owner of Frakes' account ending in x4987. (MK0034-0043.)

5. Credit One Bank, N.A. Terms and Conditions governing Frakes' account. (MK0027-0033.)

6. Billing statements for the underlying account ending in x4987, the subject of the state case against Frakes, showing detailed and dated activity that took place on the account. (MK0044-0056.)

7. August 24, 2018 Small Claims Summons and Complaint filed in Washington County Circuit Court and assigned Case Number 18SC1779. (MK0059-0062.)

8. *Pro se* Answer of Scott Frakes in the Washington County state court action 18SC1779 dated October 31, 2018. (MK0063-0065.)

9. November 2, 2018 LVNV Discovery Requests served upon Frakes in Washington County state court action 18SC1779. (MK0066-0114.)

10. Frakes' *pro se* November 30, 2018 answers to LVNV's discovery requests in the Washington County state court matter 18SC1779, including responses to requests for admission, interrogatories, and requests for production of documents. (MK0115-0126.)

11. Notice of Appearance of Attorney Briane F. Pagel on behalf of Scott Frakes in Washington County state court matter 18SC1779 dated March 6, 2019. (MK0128.)

12. April 30, 2019 Motion to Amend Answer and First Amended Answer of Scott Frakes in the Washington County state court matter 18SC1779. (MK0129-0131.)

615955

13. Affidavit of LVNV Funding LLC in support of Summary Judgment filed in Washington County state court action 18SC1779. (MK0132-MK0168.)

14. July 31, 2019 Correspondence to Attorney Briane Pagel regarding LVNV's Motion for Summary Judgment and supporting documents and pleadings. (MK0169-0283.)

15. State Court Notice of Deposition of LVNV Funding LLC and Request for Production of Documents. (MK0284-0289.)

16. LVNV's Discovery Responses to Defendant's First Set of Written Discovery in the state court matter, 18SC1779 (MK0290-0363), including responsive documents.

**DOCUMENTS THAT MAY BE OFFERED INTO EVIDENCE IF THE NEED ARISES.**

1. Letters from Resurgent Capital Services to Frakes dated October 13, 2016 and May 3, 2017. (MK0351-0356.)

2. Frakes' Request for Substitution of Judge in Washington County state court action 18SC1779 dated January 25, 2019. (MK0127.)

3. Deposition transcript of Frakes taken on March 9, 2020. (MK0364-0413.)

4. Deposition transcript of Derrick N. Weber, Esq., taken on December 20, 2019. (MK0414-0432.)

5. Deposition transcript of James Kachelski, Esq., taken on April 29, 2020. (MK0433-0447.)

6. Circuit Court website (CCAP/WCCA) printout showing the court activities in the underlying state court matter. (MK0448-0452.)

7. Calendar of James Kachelski for the date of August 24, 2018. (MK0453.)

8. April 11, 2019 Wisconsin Department of Financial Institutions Letter to Messerli & Kramer P.A. (MK0454.)

**9.** Documents to impeach or rebut testimony of witnesses.

**DEFENDANT'S DEPOSITION TRANSCRIPT EXCERPTS TO BE READ INTO THE RECORD PURSUANT TO CIVIL LOCAL RULE 16(c)(F)**

See **Attachment 1**.

## DEFENDANT'S ESTIMATE OF TIME NEEDED TO TRY THE CASE PURSUANT TO CIVIL LOCAL RULE 16(c)(G)

Defendant estimates that the time needed to try this case is one (1) day.

# DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS PURSUANT TO CIVIL LOCAL RULE 16(c)(H)(i)

Defendant Messerli & Kramer P.A., ("Messerli") hereby submits its proposed *voir dire* questions for the Court's consideration during its initial examination of all prospective jurors pursuant to Local Rule 47.3.

1. Have any of you ever heard of Messerli & Kramer P.A.? What have you heard about them?

2. Are you related to anyone in the courtroom today? To the Plaintiff?

3. Does anyone here know any of the lawyers who are here in the courtroom?

4. Have you or has anyone you know received debt collection notices or phone calls from a debt collector or other creditor within the last five years?

5. Have you or has anyone you know had a lawsuit filed against you or them seeking the repayment of unpaid money within the last five years?

6. Have you or has anyone you know filed for bankruptcy within the last eight years?

7. Do you have any debts or bills that are 120 days or more past due?

8. Do you believe it is okay for a person to incur a financial obligation and not repay the creditor for the money provided to them?

9. Have any of you ever had a bad experience with a debt collector? What was that experience? How did you resolve it?

10. Do any of you have negative feelings about debt collectors? What are they? Do you think that collecting debt from individuals is morally wrong? Would you have difficulty finding in favor of a debt collector?

11. Do you think that debt collectors harass people into paying debts that they don't owe?

9
615955

12. Does anyone have negative feelings about lawyers who sue individuals to collect? What are they? Do you think that suing people for outstanding debts is morally wrong? Would you have difficulty finding in favor of a lawyer or a law firm that collects debts?

13. If a witness is testifying on behalf of a debt collector, would any of you question the credibility of the witness or have a hard time believing him or her?

14. Does anyone have negative feelings about the practice of one company selling debts to another company?

15. Does anyone think that lawyers intimidate people into paying debts that they don't owe?

16. Do you believe it is okay for a person to incur a financial obligation and not repay the creditor for the money provided to them?

17. Do you believe that a large corporation that is owed money should write off debts owed to it by individuals and not take any action to recover the money it is owed?

18. Does anyone here believe that a creditor is not entitled to repayment for an amount owing on a credit card?

19. Do you believe that a lawsuit by a creditor to collect a credit card debt is wrong?

20. Does anyone here feel they have problems believing an attorney? Trusting an attorney?

615955

**DEFENDANT'S PROPOSED INSTRUCTIONS ON SUBSTANTIVE ISSUES
PURSUANT TO CIVIL LOCAL RULE 16(c)(H)(ii)**

**See <u>Attachment 2.</u>**

# DEFENDANT'S PROPOSED VERDICT FORM PURSUANT TO CIVIL LOCAL RULE 16(c)(H)(iii)

In this case, Plaintiff seeks damages from Defendant Messerli & Kramer P.A. for Messerli's alleged failure to be "meaningfully involved" in investigating and preparing the state court Complaint against the Plaintiff, Mr. Frakes, in alleged violation of the FDCPA.

## Defendant's Proposed Special Verdict as to Liability

*Question 1:* Is Messerli & Kramer a debt collector?

    Answer: _____ Yes. _____ No.

*Answer Question 2 below only if you answered "yes" to Question 1. If you answered "No" to Question 1, do not answer any further questions.*

*Question 2:* Is Plaintiff a "consumer" as defined by the FDCPA?

    Answer: _____ Yes. _____ No.

*Answer Question 3 only if you answered "yes" to Question 1 and Question 2. Otherwise, do not answer any further questions.*

*Question 3:* Was the underlying debt incurred for personal, household or family use?

    Answer: _____ Yes. _____ No.

*Answer Question 4 only if you answered "yes" to Question 1, Question 2 and Question 3. Otherwise, do not answer any further questions.*

*Question 4:* Was Messerli & Kramer attempting to collect a debt from Mr. Frakes when it filed and served the state court summons and complaint?

    Answer: _____ Yes. _____ No.

*Answer the following questions only if you answered "yes" to Question 1 through Question 4. Otherwise, do not answer any further questions.*

*Question 5:* Did an attorney employed by Messerli review the state court Complaint against Plaintiff, Mr. Frakes?

    Answer: _____ Yes. _____ No.

*Answer Question 6 only if you answered "yes" to Question 5. Otherwise, do not answer any further questions.*

*Question 6:* Prior to signing the state court Complaint against Plaintiff, did Messerli's attorney make a determination to the best of that attorney's knowledge, information and belief that the claims against Frakes were warranted by existing law and had factual support?

Answer: _____ Yes. _____ No.

If you answered **YES** to Question 6, deliberations end here. If you answered **NO** to Question 6, proceed to Question 7.

*Question 7*: Did the alleged lack of involvement cause Frakes to act differently in response to the state court lawsuit?

Answer: _____ Yes. _____ No.

If you answered **NO** to Question 7, deliberations end here. If you answered **YES** to Question 7, proceed to Question 8.

*Question 8:* Was the level of involvement of Messerli's attorney in investigating and preparing the state court Complaint against Frakes false, deceptive or misleading in violation of the FDCPA?

Answer: _____ Yes. _____ No.

If you answered **NO** to Question 8, deliberations end here. If you answered **YES** to Question 8, proceed to the Special Verdict as to Damages.

## **Defendant's Proposed Special Verdict as to Damages**

*Question 1:* What amount, if any, should be awarded as statutory damages in this case?

Answer: $_____

*Question 2:* What amount, if any, should be awarded for actual damages to the Plaintiff in this case?

Answer: $_____

Dated this 11th day of December, 2020.     **MESSERLI & KRAMER P.A.**
s/ Jillian N. Walker
Jillian N. Walker, #1066378
Stephanie S. Lamphere, #396794
3033 Campus Drive, Suite 250
Plymouth, MN 55441
Phone: 763-548-7900
Fax: 763-548-7922
jwalker@messerlikramer.com
slamphere@messerlikramer.com
**ATTORNEYS FOR DEFENDANT
MESSERLI & KRAMER P.A.**

615955