UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Scott Frakes,
    Plaintiff,                              Case no: 19 CV 637
Vs

LVNV Funding LLC and
Messerli & Kramer, PC
    Defendant.

# PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

Plaintiff by his attorneys hereby requests the Court instruct the jury as follows:

1. **Standard 7th Circuit Pattern Jury Instructions requested without modification:**

   Evidence (1.04)

   What Is Not Evidence (1.06)

   Weighing The Evidence (1.11)

   Definition of "Direct" and "Circumstantial" Evidence (1.12)

2. **Non-pattern jury instructions requested by Plaintiff:** (Full text on following pages)

   **FDCPA Instruction, general.**

   **FDCPA Instruction, Elements Of Claim (Misrepresentation of Legal Status of Debt).**

   **FDCPA Instruction, Elements of Claim (Misrepresentation of Level of Attorney Involvement).**

   **FDCPA Instruction, Statutory and Compensatory Damages.**

Dated: This 14th day of December, 2020.        **Lawton & Cates, S.C.**
                                                                               Attorneys for Plaintiff,
                                                                               *Electronically Signed By:*

                                                                               */s/ Briane F. Pagel*_____
                                                                               Attorney Briane F. Pagel
                                                                               State Bar No. 1025514

**Fair Debt Collection Practices Act:**

The claims brought by Mr. Frakes in this case arise under the Fair Debt Collection Practices Act, or "FDCPA." The FDCPA is a federal statute that Congress enacted to eliminate abusive debt collection practices. To that end, the FDCPA prohibits debt collectors from engaging in certain acts or practices when they collect or attempt to collect a debt.

**Fair Debt Collection Practices Act, Elements Common to Both Claims:**

In order to prevail against Messerli & Kramer, Mr. Frakes must prove the following three elements by a preponderance of the evidence:

<u>First</u>: That Messerli & Kramer is a debt collector under the FDCPA;

<u>Second.</u> That Messerli & Kramer collected or attempted to collect a debt from Ms. Diehm; and

<u>Third.</u> That Messerli & Kramer engaged in an act prohibited by the FDCPA when it collected or attempted to collect the debt.

The first two elements are common to each of Mr. Frakes' distinct claims.

As to the first element, the FDCPA defines a "debt collector" as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or, who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

If you find that either, or both, of those definitions applies to Messerli & Kramer, then Mr. Frakes has proven to you that Messerli & Kramer is a debt collector, and you should answer question ___ "Yes."

As to the second element, the FDCPA governs only the collection or attempted collection of "debts" as defined by the statute. The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction primarily for personal, family, or household purposes. An obligation to pay money is a "debt" under the FDCPA, regardless of whether a court judgment has been entered on the obligation. Whether the debt being collected was actually owed is irrelevant to the determination of a violation under the FDCPA.

If you find that Messerli & Kramer was collecting or attempting to collect a 'debt' as that term is defined by the FDCPA when it filed the state court summons and complaint, then Mr. Frakes has proven the second element, and you should answer question ___ "Yes".

**Fair Debt Collection Practices Act, Misrepresentation of Legal Status of Debt:**

As I said, each of Mr. Frakes' claims have the same first two elements. The third element for each claim is different.

Mr. Frakes' first claim for violation of the FDCPA is that Messerli & Kramer misrepresented the character, nature, or legal status of the debt in question. Mr. Frakes asserts that Messerli & Kramer did so by suing him when Wisconsin law did not allow them to file suit, and thus Messerli & Kramer in filing and serving a state court lawsuit misrepresented the legal status of the debt as one that was eligible for suit.

Wisconsin law governing consumer credit transactions of the sort at issue here prohibit the filing of a lawsuit unless and until the customer has received a document known as a "notice of right to cure default," and at least fifteen days have passed between the receipt of that document and the filing of the lawsuit.

The notice of right to cure default is required to contain the name, address and telephone number of the creditor, a brief identification of the consumer credit transaction, a statement of the nature of the alleged default and a clear statement of the total payment, including an itemization of any delinquency charges, or other performance necessary to cure the alleged default, the exact date by which the amount must be paid or performance tendered and the name, address and telephone number of the person to whom any payment must be made, if other than the creditor.

If a customer then cures the default by taking paying the amount required or taking any other necessary actions, then the account is no longer in default and goes on as though the default had never occurred.

If you find that Messerli & Kramer filed the lawsuit against Mr. Frakes in violation of the Wisconsin law requiring provision of a notice of right to cure default, you should answer question ___ "Yes."

### **Fair Debt Collection Practices Act, Misrepresentation of Legal Status of Debt:**

Mr. Frakes' second claim is that Messerli & Kramer violated the FDCPA by misrepresenting the level of attorney involvement in the preparation of the summons and complaint against Mr. Frakes.

The FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt. Mr. Frakes claims in this case that Messerli & Kramer violated the FDCPA by falsely, deceptively, or misleadingly misrepresenting the level of attorney involvement in preparing the complaint against Mr. Frakes.

By law, an attorney who signs and files a summons and complaint against a debtor is deemed to be representing that he was "meaningfully involved" in the investigation of the claim against the debtor and in the preparation of the summons and complaint to be filed. The fact that a summons and complaint is signed by an attorney implies that the attorney has, before signing the complaint, drafted (or at least carefully reviewed) the complaint, and has conducted an inquiry, reasonable under the circumstances, sufficient to form a good faith belief that the claims and legal contentions in the complaint are supported by fact and warranted by law.

It is not sufficient for an attorney to merely believe the claims are valid; such a belief would only be valid if it were formed after that attorney had conducted the requisite inquiry into the facts and law of the case.

In determining whether Mr. Kachelski was meaningfully involved in the investigation of the claim and preparation of the summons and complaint, you may consider the amount of time Mr. Kachelski spent on the matter, the nature of his investigation into the claim, the information that Mr. Kachelski reviewed or had available to review, and any limitations on his time or ability to investigate the claim and prepare or review the complaint.

In determining whether Mr. Kachelski was meaningfully involved in the investigation and preparation of the complaint, you should not consider whether the allegations Mr. Kachelski made in the state court complaint were true or false, as that is not relevant. The issue with respect to this claim is not whether the state court complaint was valid; it is whether Mr. Kachelski was meaningfully involved in the investigation and preparation of that complaint.

Importantly, the FDCPA is what is known as a strict liability statute. This means that it does not matter whether Messerli & Kramer intended to engage in an act prohibited by the FDCPA or whether Messerli & Kramer knew or should have known that it was violating the FDCPA. All Mr. Frakes is required to prove is that Messerli & Kramer did in fact engage in a prohibited act.

If you find that Mr. Kachelski was not meaningfully involved in the investigation and preparation of the lawsuit against Mr. Frakes, then he has proven the third element of this claim, and you should answer question _____ "yes."

**FDCPA: Statutory and Compensatory Damages:**

The FDCPA provides for two categories of damages. The first is known as "statutory" damages, and the second is known as "actual" damages.

"Statutory damages" are damages that may be awarded by you as a result of Messerli & Kramer's violation of the FDCPA. Statutory damages are not meant to compensate Mr. Frakes, and you should not consider any compensation that may be due to Mr. Frakes in determining what amount of statutory damages to award.

An award of statutory damages is limited to a range with a minimum of zero dollars to a maximum of $1,000. In determining what amount of statutory damages to award, you should consider the frequency and persistence of Messerli & Kramer's noncompliance with the FDCPA, the nature of the noncompliance, and the extent to which such noncompliance was intentional.

"Actual" damages are damages that may be awarded by you to compensate Mr. Frakes for any harm caused to her by the violation of the FDCPA. "Actual damages" under the FDCPA includes damages caused by emotional distress or mental anguish. It is not necessary that a person suffer physical injury in order to be awarded actual damages. Emotional distress and mental anguish includes any humiliation, embarrassment, worry or distress which Mr. Frakes has suffered as a result of Messerli & Kramer's conduct.

In determining what amount of actual damages to award, you should determine what amount of money will fairly and reasonably compensate Mr. Frakes for the distress or anguish he has suffered from the date of the incident up to the time of this trial as a result of Messerli & Kramer's conduct. You should consider to what extent his suffering impaired his ability to enjoy the normal activities, pleasures, and benefits of life, and the extent to which his distress affected her interactions with friends and family.